**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

MELVIN ESPAILLAT
RODRIGUEZ,

    Plaintiff,

v.

ED'S PEST CONTROL, INC.,
a Florida Profit Corporation,
and TY TERRELL, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MELVIN ESPAILLAT RODRIGUEZ ("Plaintiff"), pursuant to *29 U.S.C. § 216(b,)* files the following Complaint against Defendants, ED'S PEST CONTROL, INC. ("ED'S PEST CONTROL") and TY TERRELL ("TERRELL") individually, (hereinafter collectively referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages that Defendant refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ED'S PEST CONTROL, was a Florida for profit corporation with its principal address located at 424 SW 12th Avenue, Deerfield Beach, Florida 33442.

4. During all times material hereto, Defendant, ED'S PEST CONTROL, transacted business, within Deerfield Beach, Florida, within the jurisdiction of this Honorable Court.

5. During all times material hereto, Plaintiff worked for Defendant, ED'S PEST CONTROL, at its Deerfield Beach location at 424 SW 12th Avenue, Deerfield Beach, Florida 33442.

6. Defendant, ED'S PEST CONTROL, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

7. Upon information and belief, during all times material hereto, Defendant, TERRELL, was a resident of the Southern District of Florida.

8. During all times material hereto, Defendant, TERRELL, was the C.E.O. and owner of the corporate defendant within Deerfield Beach, Florida.

9. During all times material hereto, Defendant, TERRELL, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, ED'S PEST CONTROL, during the relevant time period.

10. During Plaintiff's employment period, Defendant, TERRELL oversaw Plaintiff's job duties and responsibilities and controlled his work schedules.

11. During all times material hereto, Defendant, TERRELL, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

12. During all times material hereto, Defendant, TERRELL, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

13. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant, ED'S PEST CONTROL, regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

15. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

16. Defendant, ED'S PEST CONTROL, provides pest control services for homes and businesses throughout the Dade, Broward, and Palm Beach County areas.

## FLSA COVERAGE

17. Defendant, ED'S PEST CONTROL, is covered under the FLSA through enterprise coverage, as ED'S PEST CONTROL was engaged in interstate commerce during Plaintiff's employment period. More specifically, ED'S PEST CONTROL's business and Plaintiff's work for ED'S PEST CONTROL affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ED'S PEST CONTROL was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

18. During his employment with Defendants, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce,

including, but not limited to the following: exterminator gear, gloves, flashlights, sprayers, pumps, pesticides, termite treatment, boric acid, dusters, foamers, termite baiting tools, safety equipment, etc.

19. Defendant, ED'S PEST CONTROL, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, ED'S PEST CONTROL, an enterprise covered by the FLSA.

20. Upon information and belief, Defendant, ED'S PEST CONTROL grossed in excess of $500,000.00 during the years 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

21. During his employment, Plaintiff was a non-exempt employee of Defendants, ED'S PEST CONTROL and TERRELL within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

22. Plaintiff began working for Defendant on or about December 15, 2019, as a pest control technician/exterminator, and continued to do so until on or about June 2, 2020.

23. During his employment period, Plaintiff performed non-exempt labor including pest control and extermination work.

24. During his employment period, Plaintiff was paid at a regular hourly rate of $15.00.

25. During one or more work weeks of his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week.

26. However, during one or more work weeks of Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff his proper overtime wages for all hours worked over forty per week.

27. During Plaintiff's employment period, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

28. Defendants' actions were intentional and/or willful, and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for minimum wages and overtime wages owed.

29. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

30. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
*(Against all Defendants)*

31. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 30 as though set forth fully herein.

32. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

33. Plaintiff performed work for Defendants during his employment for which he should have received time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

34. To date, Defendant has not properly paid Plaintiff all of his overtime wages as required by the FLSA.

35. Plaintiff therefore claims the time-and-one-half rate for each hour worked in excess of forty (40) per week during his employment for which he was not properly compensated.

36. Defendants willfully and intentionally refused to pay Plaintiff's proper overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA, or otherwise recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during Plaintiffs' employment.

37. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

38. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

39. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MELVIN ESPAILLAT RODRIGUEZ respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, ED'S PEST CONTROL, INC. ("ED'S PEST CONTROL"), and TY TERRELL ("TERRELL"), and award Plaintiff: (a) unliquidated damages to be paid by Defendants jointly and severally, (b) liquidated damages to be paid by Defendants jointly and severally, (c) reasonable attorney's fees and costs to be paid by Defendants jointly and severally, and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MELVIN ESPAILLAT RODRIGUEZ, requests and demands a trial by jury on all appropriate claims.

**Dated this 20th day of July 2021.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 East Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Tel: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        MELISSA SCOTT, ESQUIRE
        Florida Bar No. 1010123
        *Jordan@jordanrichardspllc.com*
        *Melissa@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 20, 2021.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

**SERVICE LIST:**